Saunders, Brown, Christian, Gholson and Johnston, J.
dissented. They regarded the contract, not as a mere agreement for a sale, but an absolute sale, subject to be disaffirmed by the vendee within the time specified by the agreement, and so coming within the provisions of the statute.
Lomax, J.
I differ from the majority of the court upon the. preliminary point, whether a question arising on a motion made in the progress of a criminal trial for instructions to the jury, be such a question of law as may be adjourned by a Circuit Superior Court *670 to this'court, and, if adjourned, decided here? It must,. I suppose-, he conceded, that it would not fall within the provision of the statute, or be within the power of the Circuit Superior Court to adjourn, or of this court to decide,-any question of law, propounded, by anticipation, before the occasion that might raise the question, or require the application of the principle involved in it. How, it does seem to me, that the questions-here adjourned, and any answer which this court- may by its decision give to them, can, as this case is circumstanced, only avail upon some future trial, when the questions now propounded -may or may not arise,, according to the course which the trial may take. The prisoner’s eounsel, in -the course of the trial then going on, moved- instructions to the jury then sitting-upon the case, in order that- that jury might be informed as to á matter of law, which the counsel distrusted its-competency properly to decide -without instruction from the court. But the discharge of that jury, in order that the questions raised by the motion, for the instruction might he adjourned to this court and decided here, has put an end to the trial then go.ring on ; and, in regard to that stage of the proceedings,, the case stands as if there had-been no attempt at such trial. The functions of the jury to whose intelligence and conscience the instructions prayed were-to he--addressed,-were wholly dispensed with, nor can the same-jury be ever ;again i-mpanneled -in- the cause. The defence upon-Which the prisoner then relied, has been,, for -the time, wholly withdrawn; the evidence of the-parties has been retracted; the occasion that required the instructions has passed away. Whatever is thedefence, whatever the evidence, they are now- reserved for a- future trial, the eondubt of which must be entirely irrespective of the proceedings upon the former trial, which has-been stopped, without any possibility of restoring-the same precise state-of things that in *671 duced the motion to the court for the instructions. Any decision of this court must he wholly nugatory as to proceedings which have passed away and are now as if they never had been. The decision of this court can only affect the future trial which is expected to take place. But at that future trial, the whole ground of prosecution, or of defence, may be varied; the contract for the sale referred to may not be offered in evidence at all; its construction and effect may not be a question in the case; even the execution of the instrument may be denied; and while it has become useless and impossible to instruct the jury, for whose information especially the instruction of the court was asked on the former occasion, it may be unnecessary to prepare instructions for the future jury that may be impanneled, who may need no such instructions, since the case may be presented to them in a shape involving no such points. Is it not then obvious, that any decision which can now be pronounced, must be altogether hypothetical, applying to a case which indeed may arise, but which may never arise? If such a practice as this precedent may open, shall be established, the most perplexing difficulties may embarrass the proceedings in every criminal ease, and the administration of criminal justice may beindefinitely delayed, perhaps defeated. It seems to me, that the statute which gave the power to adjourn questions of law in criminal cases to this court, must have contemplated questions relative to proceedings permanent on the record, and abiding in their influence upon the final results of the case; notin regard to matters transient and temporary in their nature, having no influence whatever in the case after the occasion that provoked the questions has passed away. If a motion were made to quash an indictment, such motion might properly be adjourned to this court, and decided: but if a motion were made for a continuance, could that motion *672 be properly adjourned? The power to adjourn a point of law arising in the course of a trial after the jury is impanneled, which must necessarily require that jury to be discharged, is a power too large to be supposed to have been in the contemplation of the legislature. It is the right (if insisted on) of the commonwealth as well as of the accused, that the jury which has been charged with the case should render a verdict, and should not, unless from great necessity, be discharged: and it could never have been the design of the statute, that the jury trial should be placed entirely in the power of the judge with the consent of the accused; for no consent on the part of the commonwealth is required for the adjournment of questions in criminal cases. There are numerous questions constantly arising in criminal cases; questions as to the competency of witnesses, or of evidence, as to the legal effect of testimony, as to points of law in regard to crimes and punishments: these, and a variety of other matters, may be perpetually offering themselves at every stage of the trial, and the court with the consent of the prisoner) which he will generally be very ready to give) may, under this precedent, adjourn them or any of them, and thus supersede the functions of the jury, which must be discharged. It was unnecessary to confide sucha power to the judges; because the accused may, in a more regular mode, have the benefit of reserving every point of law he may think proper to insist upon. The power of adjourning questions arising while the jury is in the box (as has been done here) must always occasion great and unnecessary inconvenience and delay; and such a power in the hands of a wicked judge, might be'exercised to the entire subversion of the commonwealth’s interest in the due administration of criminal justice.
Christian, J. said, he concurred in the opinion of Judge Lomax on the preliminary point.